**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-cv-24097-KMM – Moore/Becerra**

BARBARA BERG, individually and on behalf of all other similarly situated, **CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, USHEALTH Advisors, LLC ("USHA"), a Texas limited liability company, files its Answer and Affirmative Defenses in response to the Class Action Complaint ("Complaint") of Plaintiff Barbara Berg ("Plaintiff"), individually and on behalf of others similarly situated.

## ANSWER

## NATURE OF ACTION

1. USHA admits that it is a wholly-owned subsidiary of USHEALTH Group, Inc., and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. USHA denies the allegations contained in Paragraph 2 of the Complaint.

3. USHA admits that Plaintiff brings this action for statutory damage and other legal and equitable remedies for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and denies any wrongdoing or that Plaintiff or the putative class is entitled to any relief sought in the Complaint.

4. USHA denies the allegations contained in Paragraph 4 of the Complaint.

**PARTIES**

5. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. USHA admits that it is a limited liability company organized under the laws of Texas and that USHA's principal place of business is in Fort Worth, Texas. USHA also admits that it is registered to do business in Florida, and has designated CT Corporation System in Plantation, Florida as its registered agent for service of process in Florida. USHA denies the remaining allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. USHA admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

8. USHA denies that the TCPA grants subject matter jurisdiction over this action, however, USHA admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

9. USHA denies the allegations contained in Paragraph 9 of the Complaint.

10. USHA denies the allegations contained in Paragraph 10 of the Complaint.

11. USHA denies the allegations contained in Paragraph 11 of the Complaint.

12. USHA denies the allegations contained in Paragraph 12 of the Complaint.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

13. Paragraph 13 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 27 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

28. USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. USHA denies the allegations contained in Paragraph 30 of the Complaint.

31. USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. USHA denies knowledge or information sufficient to form a belief as to the whether the 7119 Number begins with area code 305. USHA denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. USHA denies the allegations contained in Paragraph 35 of the Complaint.

36. USHA denies the allegations contained in Paragraph 36 of the Complaint.

37. USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the allegations contained in Paragraph 38 of the Complaint.

39. USHA denies the allegations contained in Paragraph 39 of the Complaint.

40. USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the allegations contained in Paragraph 42 of the Complaint.

43. USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44, and all of its subparts, of the Complaint.

45. USHA denies the allegations contained in Paragraph 45 of the Complaint.

46. USHA denies the allegations contained in Paragraph 46 of the Complaint.

47. USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. USHA denies the allegations contained in Paragraph 48 of the Complaint.

49. USHA denies the allegations contained in Paragraph 49 of the Complaint.

50. USHA denies the allegations contained in Paragraph 50 of the Complaint.

## CLASS ACTION ALLEGATIONS

51. USHA denies that any class defined in Paragraph 51 of the Complaint, and all of its subparts, should be certified.

52. USHA denies the allegations contained in Paragraph 52 of the Complaint.

53. USHA denies the allegations contained in Paragraph 53 of the Complaint.

54. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint, and the subparts therein, states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 56 of the Complaint, and all of its subparts.

57. Paragraph 57 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint, and all of its subparts, states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 61 of the Complaint, and all of its subparts.

62. Paragraph 62 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 63 of the Complaint.

64. USHA denies the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the allegations contained in Paragraph 65 of the Complaint.

## COUNT I

66. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

67. Paragraph 67 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 68 of the Complaint.

69. USHA denies the allegations contained in Paragraph 69 of the Complaint.

70. USHA denies the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 72 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint does not make factual allegation. To the extent a response is required, USHA denies the allegations contained in Paragraph 73 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 73 of the Complaint.

**COUNT II**

74. USHA re-alleges and incorporates paragraphs 1-65 as if fully set forth herein.

75. Paragraph 75 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 78 of the Complaint.

79. USHA denies the allegations contained in Paragraph 79 of the Complaint.

80. USHA denies the allegations contained in Paragraph 80 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint does not make factual allegation. To the extent a response is required, USHA denies the allegations contained in Paragraph 81 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 81 of the Complaint.

82. USHA denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in the Complaint, including the WHEREFORE clause and all of its subparts "a." through "d."

## **DEFENSES AND AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative

class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met, and individualized fact issues, including the provision and revocation of consent will predominate over any alleged common issues, will predominate over common issues.

**THIRD AFFIRMATIVE DEFENSE**

Any alleged calls to Plaintiff and each putative class member were not "unwanted." Plaintiff's claims are barred by the doctrine of consent, by his and class members' prior express written consent to receive solicitations on their cellular and/or residential telephone numbers, and such consent was never validly revoked.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands. Upon information and belief, Plaintiff solicited and/or encouraged the alleged calls described in his Complaint, and knowingly consented to the recording of such calls, for the purpose of generating a lawsuit against USHA and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff and putative class members, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual

injury. Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing.

**SEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA and C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(d).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA is an improper content-based restriction on constitutionally protected speech.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the imposition on USHA of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**TENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were

not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

**TWELFTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

USHA asserts that Plaintiff has not alleged any plausible facts to establish that USHA has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry are invalid as a result of holding their cellphone numbers out to the public as business telephone lines, and because their cellular telephones are not residential telephone lines.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff premises liability upon a special relationship between USHA and the actual entities or individuals that allegedly called Plaintiff – which Plaintiff has not adequately alleged – Plaintiff's claims against USHA would be barred because no facts support any theory of vicarious liability against USHA for acts of third parties outside the scope of their actual or apparent authority and Plaintiff has not conferred any benefit on USHA that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because USHA did not use an automatic telephone dialing system or an artificial or prerecorded voice as defined under the TCPA and no automatic telephone dialing system or an artificial or prerecorded voice was used to contact Plaintiff or putative class members.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent.

**NINETEENTH AFFIRMATIVE DEFENSE**

As the FCC is the agency responsible for interpreting the TCPA, the Court should exercise its jurisdiction to stay the case under the primary jurisdiction doctrine pending the FCC's resolution of a dispositive issue currently before the FCC: the definition of an automatic telephone dialing system.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's class claims are barred because this court lacks personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

WHEREFORE, USHEALTH Advisors, LLC requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, deny Plaintiff's request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: November 26, 2019

Respectfully submitted,

By: */s/ Jeffrey A. Backman*

JEFFREY A. BACKMAN (Pro Hac Vice Pending)
Florida Bar No. 662501
Gregg I. Strock (Pro Hac Vice Pending)
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800

Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com