**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:19-cv-24097-KMM**

BARBARA BERG,
individually and on behalf of all,
others similarly situated,

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

USHEALTH ADVISORS, LLC,

Defendant.
_________________________________/

**JOINT DISCOVERY CONFERENCE REPORT,**
**DISCOVERY PLAN, AND SCHEDULING REPORT**

Plaintiff Barbara Berg and Defendant USHEALTH Advisors, LLC (collectively hereafter, the "Parties"), by and through their respective counsel, respectfully submit this Joint Discovery Conference Report and Proposed Scheduling Order. The Parties conferred via phone on December 2, 2019, and continuing via email, to discuss the issues set forth in S.D. Fla. Local Rule 16.1(b), and Federal Rule of Civil Procedure 26(f)(3), and report as follows:

## I. REPORT ON MATTERS SET FORTH IN LOCAL RULE 16.1(B)

### (A) The likelihood of settlement

The parties believe settlement is unlikely at this stage of the proceedings.

### (B) The likelihood of appearance in the action of additional parties

Potential parties may be added as warranted through discovery.

**(C) Proposed limits on the time to join other parties and amend the pleadings, to file and hear motions, and to complete discovery**

Attached to this filing is a Joint Proposed Scheduling Order, setting forth relevant deadlines governing the progress of this case.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The issues are set out in the operative Complaint. The parties have agreed to cooperate in good faith to simplify the issues to be litigated and to eliminate frivolous claims or defenses.

**(E) The necessity or desirability of amendments to the pleadings**

None at this time.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

The Parties will cooperate with respect to obtaining admissions of fact and of documents and in the disclosure of electronically stored information. At this time, the parties do not anticipate any issues regarding stipulating to the authenticity of documents or advance rulings from the Court on admissibility of evidence.

**(G) Suggestions on the advisability of unnecessary proof and of cumulative evidence**

The Parties will cooperate to stipulate to undisputed facts and to streamline their trial presentations to avoid presenting cumulative evidence.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or special master**

The parties do not consent to referring Matters to a Magistrate Judge or special master.

**(I) A preliminary estimate of the time required for trial**

The Parties estimate that trial will take five (5) to seven (7) days.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial**

Plaintiff requests a final pretrial conference to take place on December 14, 2020, and propose that trial take place beginning the week of January 11, 2021

Defendant requests that these dates be decided after the Court has ruled upon class certification.

**(K) Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

None.

## II. FEDERAL RULE OF CIVIL PROCEDURE 26(F)(3) DISCOVERY PLAN

**(A) Rule 26(a) Disclosures**

The Parties will exchange Rule 26 Initial Disclosures on or before December 15, 2019.

**(B) The Subjects on Which Discovery Will be Needed and Whether Discovery Should Occur in Phases**

The Parties agreed that discovery will be needed with respect to the claims asserted in the Complaint, as well as with respect to any defenses asserted by Defendant. The Parties agreed that the timing of discovery shall be governed by the Court's Scheduling Order and the Federal Rules of Civil Procedure.

Plaintiff believes that class and merits discovery should commence simultaneously. Courts routinely reject requests to phase discovery because of the risks of prolonging litigation, increasing expenses, and duplicating and delaying discovery. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) (denying motion to phase discovery

and finding "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *Nelson v. United States Steel Corp.*, 709 F.2d 675, 679 (11th Cir. 1983) (recognizing that "evidence relevant to the commonality requirement … is often intertwined with the merits"); *Brown v. Electrolux Home Prods.*, 817 F.3d 1225, 1234 (11th Cir. 2016) ("rigorous analysis [of class certification] will frequently entail overlap with the merits"); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) ("the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."); *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, *3 (M.D. Fla. 2015) (ruling that "issues related to class certification and the merits of Plaintiffs' case are inextricably intertwined and that bifurcated discovery was inappropriate under the circumstances."); *Lakeland Reg'l Med. Ctr., Inc.*, 2011 U.S. Dist. LEXIS 16684, at *5-6 (M.D. Fla. Feb. 7, 2011) ("phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides, … and lead to duplicative and delayed discovery"); *Cabrera v. Gov't Emples. Ins. Co.*, 2014 U.S. Dist. LEXIS 90810, at *22-23 (S.D. Fla. July 3, 2014) ("bifurcation will result in duplication of efforts and needless line-drawing dispute"); *Hines v. Overstock.com, Inc.*, 2010 U.S. Dist. LEXIS 70205, at 3 (E.D.N.Y. July 13, 2010) ("courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."); *Karhu v. Vital Pharms., Inc.*, 2013 U.S. Dist. LEXIS 116380, at *2-3 (S.D. Fla. Aug. 16, 2013) (denying motion to bifurcate discovery); *Drury v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 37713, *5 (M.D. Fla 2008) ("as Plaintiffs have alleged a class action cause of action, there is no compelling reason to depart from the usual course and prevent Plaintiffs from engaging in class-related discovery at this point. Bifurcation in these circumstances serves no point but to further

delay the case.").

Defendant believes that discovery should occur in phases as a result of the unique circumstances in this case. Defendant does not conduct direct telemarketing. It does not text consumers. Plaintiff has alleged that she received a text message to her cellular telephone, which Defendant does not do. Defendant contracts with licensed health insurance agents – independent contractors – some of whom choose to use the telephone for marketing purposes. Defendant does not control the manner and means in which these independent insurance agents choose to market their businesses, and only require that each independent insurance agent, if they choose to use telephone marketing, follow all local, state, and federal laws. Plaintiff has not identified the independent insurance agent who allegedly contacted her, and Defendant has no record of the alleged text message. Therefore, discovery should occur in phases so that the Parties can determine if there is any connection between Defendant and the alleged text message prior to burdening Defendant with class discovery.

**(C) Electronically Stored Information**

The Parties have agreed to explore the most efficient way to produce and exchange Electronically Stored Information ("ESI"), mindful of confidentiality concerns and costs to each party and the potential need to review the metadata of certain documents.

**(D) Privilege and Trial-Preparation Materials:**

The Parties anticipate that, in the course of discovery, there will be issues regarding claims of privilege and protection of attorney work product. Such issues will be governed and addressed pursuant to Fed. R. Civ. P. 26 and governing law.

**(E) Limitations on Discovery**

The Parties agree that, in all respects, discovery will be governed by the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida.

**(F) Any Other Orders**

The Parties anticipate that they will meet and confer regarding a Stipulation Governing the Exchange of Confidential Information and that they will submit that Stipulation for the Court's approval. The Parties anticipate that the Court will issue any necessary additional orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c).

## III. PROPOSED SCHEDULING REPORT

*See* Plaintiff's Proposed Scheduling Report attached as Exhibit A.

*See* Defendant's Proposed Scheduling Report attached as Exhibit B.

Date: December 18, 2019

Respectfully submitted,

| | |
|---|---|
| **HIRALDO P.A.**<br>401 E. Las Olas Boulevard, Suite 1400<br>Ft. Lauderdale, Florida 33301<br><br>*/s/ Manuel S. Hiraldo*<br>Manuel S. Hiraldo<br>Florida Bar No. 030380<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br>*Counsel for Plaintiff* | **GREENSPOON MARDER LLP**<br>200 E. Broward Blvd., Suite 1800<br>Ft. Lauderdale, FL 33301<br><br>/s/ Jeffrey A. Backman<br>JEFFREY A. BACKMAN<br>Florida Bar No. 662501<br>Gregg I. Strock<br>Florida Bar No. 1010140<br>(954) 491-1120<br>jeffrey.backman@gmlaw.com<br>khia.joseph@gmlaw.com<br>gregg.strock@gmlaw.com<br>lisa.webster@gmlaw.com<br><br>*Counsel for Defendant* |