# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRUCE WRIGHT, JORGE VALDES
and EDWIN DIAZ,

Plaintiffs,

v. Case No: 6:18-cv-1851-Orl-40EJK

EXP REALTY, LLC,

Defendant.
____________________________________/

## **ORDER**

This cause comes before the Court on Defendant's Motion to Stay Proceedings (Doc. 94), filed January 22, 2020. On February 5, 2020, Plaintiffs responded in opposition. (Doc. 96). Upon consideration, Defendant's motion is due to be granted.

## I. BACKGROUND

Plaintiffs initiated this action on October 30, 2018, and filed their Amended Complaint on January 24, 2019 (Doc. 30), seeking recovery against Defendant under the Telephone Consumer Protection Act ("**TCPA**"). On October 25, 2019, Plaintiffs filed a Motion for Class Certification (Doc. 68), in an attempt to address what they describe as a "pervasive problem emanating from the real estate industry." (*Id.*). Plaintiffs argue that real estate brokers are violating the TCPA by allowing realtors to: "(1) purchase leads lists of consumers with whom the realtors and the brokerages have no relationship and (2) repeatedly cold calling them to solicit real estate listings using calling platforms that include the ability to autodial and transmit prerecorded voice messages . . . ." (*Id.*).

Defendant now moves to stay these proceedings pending the Supreme Court's decision in *William P. Barr v. Am. Ass'n Political Consultants Inc., et al.*, Case No. 19-631. (Doc. 94).

## II. DISCUSSION

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, staying a matter is an extraordinary measure that should only be employed to further the ends of justice, and the district court should resolve any doubts against issuing a stay. *See Bank of Am., N.A. v. Sullivan*, No. 8:13-CV-385, 2013 WL 2285079, at *2 (M.D. Fla. May 23, 2013).

Defendant asks the Court to stay proceedings pending the Supreme Court's decision in *Barr v. Am. Ass'n Political Consultants* because it has the "potential to moot this action, as the Supreme Court is reviewing whether the statute on which Plaintiff relies – the TCPA – is constitutional." (Doc. 94, p. 1). Plaintiff argues that "[s]imply because eXp hopes the Supreme Court will overturn the Fourth Circuit's decision—and change clear Eleventh Circuit law—does not warrant a stay pending the decision in *Barr.*" (Doc. 97, p. 1).

The Court believes that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy. Additionally, "[T]he decision to grant a stay . . . is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotations and citations omitted).

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Stay Proceedings (Doc. 94) is **GRANTED**;

*2.* On or before **Friday, March 13, 2020**, the parties shall provide the Court with a written status report detailing the upcoming Supreme Court oral argument schedule and/or any updates in the Supreme Court's case and decision.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties