**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-cv-24097-KMM**

BARBARA BERG,
individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

USHEALTH ADVISORS, LLC,

*Defendant*,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, Barbara Berg, pursuant to Federal Rules of Civil Procedure 26 and 33, hereby responds and objects to the First Set of Interrogatories served by Defendant, USHEALTH Advisors, LLC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of January, 2020 I electronically served counsel of record thereby causing a true and correct copy to be sent to all registered counsel of record.

*/s/ David M. Sholl*
David M. Sholl, Esq.
Edelsberg Law, P.A.

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The objections and responses set forth herein are given without prejudice to Plaintiff's right to provide subsequent relevant information or to add, modify, or otherwise change or amend the responses made herein. The information contained in these responses is also subject to correction for omissions and errors, if and when Plaintiff discovers other or additional information.

Plaintiff's responses are made without in any way waiving:

a. All rights to object to the Request or any subsequent request for information or documents, or subject matter thereof, as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; the responses are, similarly, not to be deemed an admission as to their competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in this action or any other action;

b. The right to object on any ground to the use of these responses, or the subject matter thereof, in any proceeding in, or at trial of, this or any other action; or

c. The right to object on any ground at any time to the Request, or other discovery procedures involving or relating to the subject matter of the Request, including but not limited to any subsequent requests for admissions or requests for production.

Plaintiff reserves the right to assert additional responses and objections to the Request as appropriate and to amend and/or supplement these responses at any time prior to the trial of this action consistent with the applicable Federal Rules of Civil Procedure.

## PLAINTIFF'S GENERAL OBJECTIONS

Plaintiff responds to the Interrogatory Requests, including the instructions and definitions therein, subject to these general objections. These limitations and objections, which form part of Plaintiff's responses to each Request, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference however, is not a waiver of any general objection. These General Objections are applicable to and

are incorporated into each of Plaintiff's objections and responses as is specifically set forth therein, and all objections and responses are made subject to and without waiving these General Objections. Stating specific objections and responses to any particular Request does not in any way waive any of these General Objections. Any reference to a particular General Objection within a response shall not be construed as a limitation of the set of General Objections applicable to the particular Request being addressed.

In the event any information failing within one or more of these objections is disclosed in response to the Requests, the disclosure is inadvertent and is not a waiver of the objection. The objections and responses herein are based on Plaintiff's present knowledge, information, and belief. Xpress further reserves the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.

1. Plaintiff's objects to the Requests—including the Definitions and Instructions—to the extent that they purport to impose requirements, obligations, and duties that are in excess of, and/or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Florida, an Order entered by this Court, or any other applicable statute, rule, or decision. Subject to the Objections, Plaintiff will, for purposes of these Responses, construe and respond to these Requests consistent with the Federal Rules of Civil Procedure and consistent with the common meanings of the words used by Defendant.

2. Plaintiff objects to the Requests to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or reasonable, including, without limitation, to the extent that they seek "any and all" information concerning the subject matters referenced therein, or otherwise seek the discovery of information that is neither relevant to the claims or defenses of any party to this Action nor are reasonably calculated to lead to the discovery of

admissible evidence.

3. Plaintiff objects to the Requests to the extent that they purport to call for the production of information that Plaintiff is prohibited from disclosing by contract, order, statute, rule, regulation, or law.

4. Plaintiff objects to the Requests to the extent that they purport to call for the production of information subject to the attorney-client privilege, work product doctrine, business strategy privilege, trade secret privilege, or any other applicable privileges, immunities, or protections (whether based upon statute, common law, or stipulation). Plaintiff will not disclose such information, and inadvertent disclosure or production is not a waiver of any privilege or immunity.

5. Plaintiff objects to the Requests to the extent that they seek confidential or proprietary information, information constituting Plaintiff's trade secrets, and information constituting confidential commercial information.

6. Plaintiff objects to the Requests to the extent that they call for the production of information that is irrelevant to the claims and defenses of the pending action and therefore not related to any claim or defense in the underlying action, and are not reasonably calculated to lead to the discovery of admissible evidence.

7. Any representation by Plaintiff that it will comply, in whole or in part, with a particular Request is not a representation or admission by Plaintiff that any such responsive documents exist or are in Plaintiff's possession, custody, or control.

8. Plaintiff objects to these Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters. See, e.g., *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for

admission of pure matter of law); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding that requests for admission of existence of statute or that party is subject to statute constitute improper requests for legal conclusion).

9. Plaintiff objects to the Requests to the extent that they purport to require Plaintiff to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of the General or Specific Objections, the Responses are not intended, and may not be construed, as an admission or legal conclusion concerning any of the terms in the Request.

10. Plaintiff objects to the Requests to the extent that they are not limited to a reasonable time period.

**RESPONSES AND OBJECTIONS**
**TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

1. Provide a detailed description as to the manner in which you intend to identify putative class members and provide the number, or approximate number, of members of the purported class which you seek to represent or that may be within the class definition in the Complaint.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks attorney-client and work product privileged information. Plaintiff additionally objects to the extent that this interrogatory asks Plaintiff to provide information that only Defendant can know and to the extent this interrogatory seeks information that is in the sole possession, custody, or control of Defendant. Plaintiff further objects to this interrogatory because discovery is ongoing and this interrogatory is premature at this stage in the litigation. Plaintiff also objects to this interrogatory to the extent it seeks premature expert discovery. Plaintiff's disclosures regarding expert witnesses will be made at the time required by the Court's Scheduling Order. Subject to and without waiving the foregoing general and specific objections, Plaintiff is in the process of conducting discovery regarding all known members of the putative class and will produce documents or otherwise supplement this response as discovery continues.**

2. Provide the names, addresses, telephone numbers, places of employment, and job title, if available, of any person you believe may have knowledge of the facts and issues set forth in the Complaint or that may be a member of the purported class. For each, identify and provide the specific knowledge he/she may have.

**RESPONSE: Plaintiff objects to this request as vague and ambiguous as to the word "or." As phrased, the interrogatory simultaneously seeks two separate lists of people: (1) a list of people Plaintiff believes may have knowledge of the facts and issues set forth in the Complaint — *or alternatively* — (2) a list of people that may be a member of the purported class. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Plaintiff additionally objects to the extent this interrogatory seeks information that is in the sole possession, custody, or control of Defendant. Subject to and without waiving the foregoing general and specific objections, Plaintiff Barbara Berg.**

3. Describe and identify all communications between USHA and You.

**RESPONSE: On or about September 12, 2019 and September 25, 2019, Plaintiff received unsolicited telemarketing text messages on her cellular telephone from Number 774-53, which Plaintiff understands to be a short-code telephone number associated with Defendant.**

4. Have you ever been a plaintiff, defendant, or class representative in any other lawsuit, including but not limited to, a court proceeding, arbitration or other quasi-judicial proceeding? If so, please provide the style of the case, the case caption, the case number, the jurisdiction, the nature of the dispute and whether you were a plaintiff or defendant.

**RESPONSE: Plaintiff was the named plaintiff in the case styled *Berg v. Sterling Jewelers, Inc.* Case No.: 1:19-cv-22396-KMW filed in the U.S. District Court for the Southern District of Florida. All requested non-confidential information is publicly available.**

5. Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the class alleged in the Complaint, including how you came to hire Plaintiff's Lawyers to represent you and the class in this matter, whether you contacted Plaintiff's Lawyers, whether Plaintiff's Lawyers contacted you, whether you were referred by someone else (if so, by whom), whether you interviewed any other law firm, and whether there were any other proposed class representatives.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it calls for information that is protected from discovery by the attorney-client privilege and the work product doctrine. Further, Plaintiff objects to the phrases "how it came about" and "were selected" as vague and/or ambiguous. Finally, Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case.**

6. Describe in specific detail every fact, law, document, person, and other evidence that supports your allegations that USHA was responsible for placing, or responsible for directing the placing of the Calls.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff additionally objects to the extent that this interrogatory asks Plaintiff to provide information that only Defendant can know and to the extent it seeks information that is in the sole possession, custody, or control of Defendant. Plaintiff further objects to this interrogatory as unduly burdensome because it seeks information which is publicly available and just as easily obtainable by Defendant as it is by Plaintiff. Plaintiff further objects to this interrogatory on the basis that it seeks attorney-client and work product privileged information. Subject to and without waiving the foregoing general and specific objections, Plaintiff is in the process of conducting discovery regarding Defendant's internal corporate processes for sending unsolicited telemarketing text messages, and will produce documents and supplement this response as discovery continues. At this time, Plaintiff believes it was apparent that Defendant was sending the text messages because the text was marketing for health insurance plans and began with the letters USHA. Furthermore, Plaintiff understands that Defendant markets and sells insurance products for an insurance company that owns Defendant.**

7. Since January 1, 2016, identify and describe all information relating to your telephone service, including but not limited to, all telephone carriers (e.g., AT&T, Verizon, etc.) that you have used for telephone service and include the dates of service, all telephone numbers associated with you including the Subject Number and telephone numbers related to any businesses for which You serve(d) as an officer, manager, member, incorporator, or registered agent, the telephone carriers servicing each number, the dates of service, and whether the telephone numbers are associated with a cellular phone, a residential line, or some other type of phone. If any of your telephone numbers switched from being associated with one type of phone to another type of phone (e.g., cellular phone, residential line, or some other type of phone), identify when the switch occurred, identify the type of phones switched, and identify the phone numbers associated therewith.

**RESPONSE: Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Subject to and without waiving the foregoing general and specific objections, Plaintiff's cellular service provider is Verizon for the cellular telephone number ending in "7119."**

8. At any time during the four (4) years prior to filing the Complaint, did you ever provide the Subject Number over the internet in order to receive information from third parties for goods, services, sweepstakes or drawings? If yes, please describe each instance with specificity, including the date and website address, and identify any related documents including any emails or text messages that you received.

**RESPONSE: Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. It would be nearly impossible for Plaintiff to identify each and every individual, business, organization, and entity on the internet to which she may have provided the Subject Number within the preceding four years, especially in situations where no information was ultimately received. Similarly, whether Plaintiff provided the Subject Number to any other entities has no bearing or consequence on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff. To the extent Defendant seeks information to support its defenses, Plaintiff additionally objects as this interrogatory asks Plaintiff to provide information that is Defendant's burden to maintain and is in the possession, custody, or control of Defendant. Finally, Plaintiff objects to this interrogatory to the extent it is calculated to annoy and harass her.**

9. Please state and describe with specificity all actions you undertook to determine the source of the alleged Texts described in the Complaint.

**RESPONSE: Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Further, Plaintiff objects to the phrases "all actions" and "source" as vague and/or ambiguous.**

10. Please provide a list of your internet browsing history on October 1, 2018 through the date of your responses to these Interrogatories, for each and every device that has access to the internet that you owned or used on those dates.

**RESPONSE: Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. It would be nearly impossible for Plaintiff to obtain her entire browsing history for "each and every" device that she "used" since October 1, 2018, nor would it be possible to decipher Plaintiff's browsing history from that of any other user of an internet-connected device "owned" by Plaintiff. Similarly, Plaintiff's internet browsing history has no bearing or consequence on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff. To the extent Defendant seeks information to support its defenses, Plaintiff additionally objects as this interrogatory asks Plaintiff to provide information that is Defendant's burden to maintain and is in the possession, custody, or control of Defendant. Finally, Plaintiff objects to this interrogatory to the extent it is calculated to annoy and harass her.**

11. Do you allege that you suffered a tangible or intangible injury as a result of the alleged Texts? If so, please list and describe with specificity each injury you claim to have sustained.

**RESPONSE: The harms suffered by Plaintiff are identified in the Complaint. Plaintiff otherwise objects to this interrogatory as it seeks a legal conclusion.**

12. Describe in detail where you were when you became aware of the Texts, who you told about the Texts, and what actions you took thereafter to become a Plaintiff in This Case.

**RESPONSE: Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Plaintiff further objects to this interrogatory to the extent that it calls for information that is protected from discovery by the attorney-client privilege and/or work product doctrine.**

13. Describe in detail any arrangement or contract you have to receive payment from any of the Plaintiff's Lawyers, or any other third party for being the Plaintiff in this case.

**RESPONSE: None.**

14. Describe in detail your relationship with each of the Plaintiff's Lawyers, including but not limited to how long you have known each other, how often you see each other and the purpose of such interactions, whether you have any mutual friends or family members, whether you have ever conducted business transactions together, and if so provide the details of such business transactions such as the date, parties, and nature of the transaction.

**RESPONSE: Plaintiff objects to this interrogatory as vague, ambiguous, and overly broad with respect to: (1) requesting Plaintiff seek information from non-parties, and (2) because it calls for Plaintiff to speculate as to the extent and specificity of the mental impressions of third-party individuals. Plaintiff further objects to this interrogatory as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Additionally, Plaintiff objects to this interrogatory to the extent it is calculated to annoy and harass her. Finally, Plaintiff objects to this interrogatory to the extent that it is duplicative of other interrogatories.**

15. Identify all users of the Subject Number from January 1, 2016, to the time of your response to this Interrogatory.

**RESPONSE: Plaintiff was the sole user of the Subject Number at the time the unsolicited telemarketing text messages were received from Defendant.**

16. Describe in detail any conversations in which Your Son or the Plaintiff's Lawyers instructed you to publish or use the Subject Number or any cellular or residential telephone number to solicit, seek out, invite, or welcome telephonic communications, including calls, texts and facsimiles, for the purpose of filing a lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**RESPONSE: None.**

DATED: January 27, 2020

Respectfully submitted,

By: /s/ David M. Sholl, Esq.
Florida Bar No. 0114791

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: 954-400-4713

**EDELSBERG LAW, P.A**
Scott Edelsberg, Esq.
scott@edelsberglaw.com
David M. Sholl, Esq.
david@edelsberglaw.com
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: 305-975-3320

*Counsel for Plaintiff and the Class*

**VERIFICATION**

Barbara B. Berg

Name: Barbara B. Berg

STATE OF Florida )

COUNTY OF Miami Dade )

BEFORE ME, the undersigned authority, personally appeared Plaintiff Barbara Berg, who, being duly sworn, deposes and says that the foregoing Responses to Defendant USHEALTH Advisors LLC's First Set of Interrogatories to Plaintiff Barbara Berg are true and correct.

IN WITNESS WHEREOF, I hereunto set my hand and official seal this 24 day of January, 2020.

BONNIE ALINA SEPE
MY COMMISSION # GG 250326
EXPIRES: December 17, 2022
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

Bonnie Alina Sepe

Print Notary Name

Bonnie Alina Sepe

My Commission Expires: