# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-cv-24097-KMM**

| | |
|---|---|
| BARBARA BERG,<br>individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>USHEALTH ADVISORS, LLC,<br><br>*Defendant*, | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSES TO DEFENENDANT'S**
**<u>FIRST REQUEST FOR PRODUCTION</u>**

Plaintiff, Barbara Berg, pursuant to Federal Rules Civil Procedure 26 and 34, hereby responds to the First Requests for Production served by Defendant, USHEALTH Advisors, LLC.

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff hereby responds to the request for production based upon the investigation conducted in the time available since service of the request. As of the date of these Responses, Plaintiff has had insufficient opportunity to review all documents and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Defendant and/or third parties. As a consequence, Plaintiff's Responses are based upon information now known to Plaintiff and which Plaintiff believes to be relevant to the subject matter covered by the requests. In the future, Plaintiff may require additional information, or discover information currently in its possession, bearing upon the Request for Production and Plaintiff's Responses thereto. Without in any way obligating itself to do so, Plaintiff reserves the right: (a) to make subsequent revisions,

supplementation or amendment to these Responses based upon any information, evidence, documents, and/or facts and things which hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pretrial proceedings held herein. Plaintiff incorporates this Preliminary Statement into each Response herein as it fully sets forth.

## GENERAL RESPONSES AND OBJECTIONS

1. Plaintiff's agreement to produce any responsive, non-privileged documents in its possession, custody or control made that it is able to locate after a reasonable search shall not be deemed an admission that any such documents exist or have been located.

2. Subject to every general and specific objection stated herein, Plaintiff objects to the Requests (and any definitions and/or instructions contained therein) as set forth below. Plaintiff's statements in response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

3. Plaintiff objects to the Requests to the extent that they seek documents/information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and/or any other privilege or immunity. Plaintiff will not provide any documents/information that is subject to any such privilege or protection.

4. Plaintiff objects to the Requests to the extent they purport to impose discovery obligations upon Plaintiff different from, inconsistent with, or in addition to, those imposed by Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Southern District of Florida or other applicable law. Plaintiff will respond consistent with the applicable requirements.

5. Plaintiff objects to the Requests to the extent they demand documents/information that is: (a) not within its possession, custody or control and which Plaintiff has no duty to obtain; or (b) publicly

available. Plaintiff objects to the Requests to the extent that they require Plaintiff to provide documents or information on behalf of any person or entity other than Plaintiff. Plaintiff responds and objects to the Requests only for itself.

6. Plaintiff's responses herein are made without prejudice to, and without waiver of, the right to provide, at any time, supplements, additions, revisions, corrections, or clarifications with respect to any of the documents or information provided, or the answers or objections made, in response to the Requests.

7. Plaintiff incorporates the foregoing general objections (the "General Objections") into each Response herein as if fully set forth. Without waiving any of the foregoing General Objections, all of which are incorporated by reference in the Response to each Request below, Plaintiff specifically responds to the Requests as follows:

## RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**OBJECTION TO DEFENDANT'S TIME PERIOD: Plaintiff objects to the "Relevant Time Period" stated in Defendant's Requests on the grounds that it is overbroad, unduly burdensome, and seeks the discovery of information that is neither relevant to the claims or defenses of any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the "Relevant Time Period" to the extent that is purports to require Plaintiff to conduct more than a reasonable search for responsive information and/or purports to require Plaintiff to produce information that was obtained or created after the commencement of this Action.**

1. Your engagement agreement(s) and/or other contract(s) with any of the Plaintiff's Lawyers for This Case.

**RESPONSE: Attached.**

2. Documents and communications evidencing any fee sharing agreement or participation agreement between You and any of the Plaintiff's Lawyers relating to This Case.

**RESPONSE: None.**

3. Documents and communications evidencing any fee sharing agreement and/or participation agreement between You and Your Son, related to This Case.

**RESPONSE: None.**

4. Documents and communications evidencing any fee sharing agreement and/or participation agreement between Plaintiff's Lawyers and Your Son, related to This Case.

**RESPONSE: None.**

5. Communications with any person or entity related to Your engagement agreement or contract(s) with any of the Plaintiff's Lawyers for This Case.

**RESPONSE: None.**

6. Documents and correspondence exchanged between You and Your Son related to This Case.

**RESPONSE: None.**

7. Documents and correspondence exchanged between Your and Your Son related to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**RESPONSE: None.**

8. Documents and correspondence exchanged between You and Your Son related to *Berg v. Sterling Jewelers, Inc.*, Case No.: 1:19-cv-22396-KMW (S.D. Fla.).

**RESPONSE: None.**

9. Documents and correspondence exchanged between You and Your Son related to any of the Plaintiff's Lawyers.

**RESPONSE: None.**

10. Documents evidencing any exchanges of money between You and the Plaintiff's Lawyers.

**RESPONSE: None.**

11. Documents reflecting all telephone numbers associated with You from 2016 through the present.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document reflecting all telephone numbers associated with Plaintiff to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

12. Documents reflecting the account holder and/or subscriber to each of the telephone numbers associated with You, including those identified in documents responsive to request number 11, from 2016 through the present.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document reflecting the account holder and/or subscriber to each of the telephone numbers associated with Plaintiff to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

13. Documents evidence each user of the Subject Number from 2016 through the present, and the period of time that each user had access to the Subject Number.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document evidencing each user of the Subject Number from 2016 through the present to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

14. Documents reflecting the invoices and payments for the cellular telephone service associated with the Subject Number.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document reflecting the invoices and payments for the cellular telephone service associated with the Subject Number to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

15. Documents or Communications evidencing instructions by Your Son or the Plaintiff's Lawyers directing You to publish or use the Subject Number or any cellular or residential telephone number to solicit, seek out, invite, or welcome telephonic communications, including calls, texts and facsimiles, for the purpose of filing a lawsuit under the TCPA.

**RESPONSE: None.**

16. Documents evidencing the use of the Subject Number by any business, including but not limited to marketing and advertising materials, state and federal tax and corporate filings.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document evidencing the use of the Subject Number by any business to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

17. Documents evidencing the publication of the Subject Number on the internet for business purposes.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Defendant does not require every document evidencing the publication of the Subject Number on the internet for business purposes to prove any of its defenses. Plaintiff is willing to work with Defendant to narrow the scope of this overbroad request.**

18. Documents and Communications sufficient to identify your location (city and state) on any day(s) that you claim to have received a Text from USHA to the Subject Number.

**RESPONSE: None.**

19. Your internet history and search history (or browsing history) for any device you use or have used to access the Internet from October 1, 2018 to present, limited to the following terms: "USHEALTH" ; "USHA" ; "TCPA" ; "Telephone Consumer Protection Act" ; "Class Action"; "health insurance".

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. It would be nearly impossible for Plaintiff to obtain her entire browsing history for "any" device that she "used" since October 1, 2018, nor would it be possible to decipher Plaintiff's browsing history from that of any other user of an internet-connected device "used" by Plaintiff. Similarly, Plaintiff's internet browsing history has no bearing or consequence on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff. To the extent Defendant seeks information to support its defenses, Plaintiff additionally objects as this request asks Plaintiff to provide information that is Defendant's burden to maintain and is in the possession, custody, or control of Defendant. Finally, Plaintiff objects to this request to the extent it is calculated to annoy and harass her.**

20. Your email and text message conversations containing the following terms: "USHEALTH" ; "USHA" ; "TCPA" ; "Telephone Consumer Protection Act" ; "Class Action" ; "health insurance".

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case.**

**Plaintiff further objects to this request as vague and ambiguous as to the phrase "conversations containing."**

21. Documents sufficient to identify all email addresses you use or have used in the past five (5) years, including but not limited to, the e-mail host (such as AOL, google, yahoo, etc.).

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Plaintiff's email addresses have no bearing on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff's cellular telephone.**

22. Documents sufficient to identify your current Internet Service Provider and any Internet Service Provider you have used in the past five (5) years.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Whether Plaintiff had internet service and who provided it have no bearing on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff's cellular telephone.**

23. Documents sufficient to identify the Internet Protocol ("IP") addresses for each and every device you have personally used in the past five (5) years to access the Internet.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Whether Plaintiff had internet service and who provided it have no bearing on whether Defendant violated the TCPA when it sent unsolicited telemarketing text messages to Plaintiff's cellular telephone.**

24. Documents, including phone records, notes, recordings, etc., evidencing the alleged Texts to the Subject Number as complained of in the Complaint.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. To the extent Defendant seeks information to support its defenses, Plaintiff additionally objects as this interrogatory asks Plaintiff to provide information that is Defendant's burden to maintain and is in the possession, custody, or control of Defendant. Finally, Plaintiff objects to this interrogatory to the extent it is calculated to annoy and harass her. Subject to and without waiver her objections, Plaintiff produces the following: (1) screenshots of the subject text messages.**

25. Documents evidencing any member of the putative class's receipt of Texts like the one complained of in the Complaint.

**RESPONSE: None in Plaintiff's possession as Defendant has asserted wholesale objections to class discovery.**

26. Documents reflecting Communications between You and USHA, including any documents reflecting notes of such Communications.

**RESPONSE: Plaintiff will produce screenshots of the subject text messages.**

27. Documents reflecting business dealings you have or have had with Plaintiff's Lawyers.

**RESPONSE: None.**

28. Documents reflecting Communications between You and any putative class member, including any documents reflecting notes of such Communications.

**RESPONSE: None.**

29. Documents reflecting telephone numbers at which USHA allegedly sent text messages to any potential member of the proposed classes, including You.

**RESPONSE: Plaintiff will produce screenshots of the subject text messages.**

30. Telephone billing records relating to telephones (including, but not limited to, landlines and cellular telephones) used by you to make or receive telephone calls within the following time period: 01/01/2018 – Present.

**RESPONSE: Plaintiff objects to this request as overbroad and unduly burdensome because it seeks irrelevant information unrelated to Plaintiff's TCPA claims or to Defendant's defenses, and is therefore not proportional to the needs of the case. Subject to and without waiver her objections, Plaintiff has no responsive documents currently within her possession, custody, and control.**

31. Non-privileged documents and Communications that show when and how you retained your attorney(s) in this matter.

**RESPONSE: See attached retainer agreement.**

32. Documents evidencing economic damages and/or harm caused to You as a result of Your receipt of the alleged Texts.

**RESPONSE: Plaintiff will produce screenshots of the subject text messages.**

33. Documents and Communications exchanged between You and any third party relating to the facts and/or allegations contained in the Complaint.

**RESPONSE: None.**

34. Printouts or screen shots of all internet research You have performed in relation to allegations contained in the Complaint.

**RESPONSE: None.**

35. Documents related to any testimony You have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

**RESPONSE: None.**

36. Documents relating to other lawsuits filed on behalf of You, or any other names and aliases You use, as Plaintiff.

**RESPONSE: All requested non-confidential information is publicly available.**

37. Documents relating to any instances in which You were convicted of a crime involving a dishonest or false statement in the last 10 years.

**RESPONSE: None.**

38. Documents relating to You or any other potential class member's consent to receive the complained of Texts.

**RESPONSE: None.**

39. Documents that You contend support Your claim that USHA's conduct was

knowing and willful pursuant to the TCPA.

**RESPONSE: Plaintiff will produce screenshots of the text messages she received from Defendant that are in her possession, custody, or control. Furthermore, Plaintiff is in the process of conducting discovery and believes that responsive documents are exclusively in the possession of Defendant. Plaintiff anticipates obtaining additional responsive documents currently in the possession, custody, or control of Defendant or related third parties.**

40. Documents that support Your claim that USHA violated the TCPA.

**RESPONSE: Plaintiff will produce screenshots of the text messages she received from Defendant that are in her possession, custody, or control. Furthermore, Plaintiff is in the process of conducting discovery and believes that responsive documents are exclusively in the possession of Defendant. Plaintiff anticipates obtaining additional responsive documents currently in the possession, custody, or control of Defendant or related third parties.**

41. Documents that identify any potential class member.

**RESPONSE: Plaintiff will produce screenshots of the text messages she received from Defendant that are in her possession, custody, or control. Plaintiff is in the process of conducting discovery and believes that responsive documents are exclusively in the possession of Defendant. Furthermore, as discovery progresses Plaintiff anticipates obtaining additional responsive documents currently in the possession, custody, or control of Defendant or related third parties. Plaintiff will produce responsive documents after the parties meet and confer to discuss the logistics of producing material related to class certification.**

42. Documents that represent or evidence the number of putative class members that may fall within the proposed class.

**RESPONSE: Plaintiff will produce screenshots of the text messages she received from Defendant that are in her possession, custody, or control. Plaintiff is in the process of conducting discovery and believes that responsive documents are exclusively in the possession of Defendant. Furthermore, as discovery progresses Plaintiff anticipates obtaining additional responsive documents currently in the possession, custody, or control of Defendant or related third parties. Plaintiff will produce responsive documents after the parties meet and confer to discuss the logistics of producing material related to class certification.**

43. Documents referenced or reviewed in connection with Your answers to USHA's First Set of Interrogatories to Plaintiff that are being served simultaneously herewith.

**RESPONSE: None.**

44. Documents You intend to rely upon to support Your request for class certification.

**RESPONSE: Plaintiff will produce screenshots of the text messages she received from Defendant that are in her possession, custody, or control. Plaintiff is in the process of conducting discovery and believes that responsive documents are exclusively in the possession of Defendant. Furthermore, as discovery progresses Plaintiff anticipates obtaining additional responsive documents currently in the possession, custody, or control of Defendant or related third parties. Plaintiff will produce responsive documents after the parties meet and confer to discuss the logistics of producing material related to class certification.**

45. Documents that support Your contention that the proposed class is capable of being certified, including but not limited to, documents supporting that the classes are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

**RESPONSE: Plaintiff will produce responsive documents after the parties meet and confer to discuss the logistics of producing material related to class certification.**

DATED: January 27, 2020

Respectfully submitted,

By: */s/ David M. Sholl, Esq.*
Florida Bar No. 0114791

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: 954-400-4713

**EDELSBERG LAW, P.A**
Scott Edelsberg, Esq.
scott@edelsberglaw.com
David M. Sholl, Esq.
david@edelsberglaw.com
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: 305-975-3320

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure, on January 27, 2020.

*/s/ David M. Sholl*
DAVID M. SHOLL, ESQ.